UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOROTHEA C., | ) |
| | ) CASE NO. C20-5210-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| ANDREW M. SAUL, | ) DISABILITY APPEAL |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1956.[1] She has master's degrees in recreational therapy and social work, and previously worked as a therapist. (AR 71, 237.)

Plaintiff applied for DIB in August 2016. (AR 204-12.) That application was denied

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

and Plaintiff timely requested a hearing. (AR 138-41, 143-35, 147-48.)

On November 6, 2018, ALJ Luke Brennan held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 66-102.) On January 10, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 43-52.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 7, 2020 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2015, the alleged onset date. (AR 45.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's diabetes mellitus II without complication with diabetic neuropathy; degenerative disc disease of the lumbar spine; obstructive sleep apnea; cervical spondylosis; and obesity. (AR 45-47.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 47-48.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must

assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she can lift/carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for six hours in an eight-hour workday, and stand/walk for two hours in an eight-hour workday. She can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs. She can occasionally kneel, balance, stoop, and crouch, but can never crawl. She can frequently reach, handle, and finger. She can have occasional exposure to vibration and hazards, including unprotected heights and dangerous machinery. (AR 48.) With that assessment, the ALJ found Plaintiff able to perform her prior work as a clinical therapist and marriage and family counselor. (AR 51-52.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing her past relevant work, the ALJ did not continue on to step five. (AR 52.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting her testimony and a treating physical therapist's opinion. Plaintiff also argues that if the ALJ's decision is not reversed outright under sentence four of 42 U.S.C. § 405(g), a subsequent favorable decision warrants remand under sentence six. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that the subsequent favorable decision does not warrant remand.

<u>Subjective symptom testimony</u>

The ALJ summarized Plaintiff's allegations and explained that he discounted them because (1) Plaintiff alleged difficulty with movement and exertion, but also reported exercising often for 60 minutes at a time and worked with a personal trainer to lose weight; (2) Plaintiff's alleged limitations are inconsistent with her normal strength and normal gait upon examination; and (3) Plaintiff reported improvement with chiropractic care. (AR 49-50.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's reference to her exercising for 60 minutes at a time mischaracterizes the record, because she only reported exercising this long once. Dkt. 24 at 10 (citing AR 455). Plaintiff also points to a different treatment note indicating that Plaintiff was exercising less and her stress levels were up. Dkt. 24 at 10 (citing AR 1003). The record contains many references to Plaintiff's frequent exercise throughout the record, however. (*See, e.g.*, AR 375 (Plaintiff reports going to "boot camp" with personal trainer), 463 (Plaintiff

reports going to an exercise class "nearly every day"), 466 (Plaintiff reports working with personal trainer 50 minutes six days a week), 925 (Plaintiff reports exercising 5-6 days/week), 1003 (Plaintiff reports going to "boot camp" with personal trainer), 1019 (same).) Furthermore, the note cited by Plaintiff referencing decreased exercise nonetheless indicated that Plaintiff was continuing to participate in a boot camp with adapted exercises with her personal trainer, and noted that her recent hand surgery was one of the reasons why she was exercising less. (AR 1003.) Under these circumstances, the Court does not find that the ALJ's description of Plaintiff's exercise regimen misrepresents the record.

Plaintiff goes on to argue that the ALJ erred in referencing her normal objective findings while ignoring the context of those findings. Dkt. 24 at 10-11. Specifically, Plaintiff emphasizes that although there are some findings of normal strength and gait in the record, those same notes indicate absent reflexes and decreased sensation in arms and legs, and document various conditions. *Id.* Plaintiff has not shown that the ALJ erred in focusing on the normal strength and gait findings in the record because those findings are relevant to the ALJ's evaluation of Plaintiff's allegation of disabling neck and back pain. The ALJ also acknowledged Plaintiff's neuropathy and explained how he accommodated it in the RFC assessment. (AR 51.) Plaintiff has not shown that the ALJ failed to appreciate the context of the entire record, when relying on certain normal findings.

Lastly, Plaintiff argues that the ALJ failed to assess her need to nap two hours per day. At the hearing, Plaintiff reported that four or five times per week, she naps in the afternoon. (*See* AR 80.) Plaintiff did not describe her naps as necessary and never reported a need for napping to providers, and, in fact, denied napping in a sleep questionnaire she completed in

May 2017. (AR 931.) She reported difficulty sleeping at many times in the record (*see* Dkt. 24 at 11 (citing, *e.g.*, AR 583, 930-40, 1081, 1083)), and received treatment for her sleep apnea, but a need for napping is not well-documented in the record. The ALJ addressed Plaintiff's sleep apnea and indicated that he limited her exposure to hazards as a result (AR 51), and Plaintiff has not shown that her daytime fatigue caused any more restrictive limitations, namely a need for a daily two-hour nap.

Because Plaintiff has not shown that the ALJ erred in assessing her testimony, the Court affirms this portion of the ALJ's decision.

<u>Medical evidence</u>

Plaintiff's treating physical therapist, McKinzy Bath, DPT, completed a form medical source statement in October 2018 describing Plaintiff's physical limitations. (AR 1394.) Ms. Bath opined that Plaintiff could sit or stand for 30 minutes each at a time (for up to one hour for each activity total per day), could walk for 15 minutes at a time (for up to four hours total per day), and must lie down for 30 minutes at a time (for up to two hours total per day). (AR 1394.) Ms. Bath also opined that Plaintiff could frequently lift/carry five pounds, occasionally lift/carry 10 pounds, and rarely lift/carry 20 pounds. (AR 1394.) Lastly, Ms. Bath indicated that Plaintiff could perform most manipulative activities, except that she could not lift/pull arm controls with her left arm. (AR 1394.)

The ALJ gave partial weight to this opinion, crediting Ms. Bath's indications of lift/carry and manipulative limitations. (AR 51.) The ALJ found the sitting and standing limitations to be overstated, however, in light of (1) Plaintiff's ability to exercise, (2) the findings of normal strength and gait upon examination, and (3) Plaintiff's improvement with

physical therapy. (AR 51.) Plaintiff argues that these reasons are not germane, as required in the Ninth Circuit. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff contends that, contrary to the ALJ's reasoning, she did not improve with physical therapy, but instead her symptoms only waxed and waned. Dkt. 24 at 6. This description of the treatment record is not persuasive, because the record indicates that Plaintiff's symptoms improved when she complied with the home exercise program prescribed by physical therapists, and that when she did not complete her exercises at home, her symptoms did not improve. (*See* AR 1080 (Plaintiff reports an increase in pain, and that she has not found any time to do her home exercises), 1083 (Plaintiff continues to report pain and difficulty completing home exercises), 1085 (Plaintiff reports some improvement and some persistent pain, while "semi compliant" with home exercises), 1087 (Plaintiff reports limited improvement, but also has not been compliant with home exercises), 1096 (Plaintiff reports some improvement, while "semi compliant" with home exercises), 1098 (Plaintiff reports some improvement, and that she "has tried to do some" of her home exercises), 1100 (same), 1103 (even though Plaintiff is not compliant with home exercises, therapist notes she "continues to have positive response to therapy with decreased [pain] and improved flexibility after manual therapy"), 1105 (same), 1106 (same).) In light of this evidence, Plaintiff has not shown that the ALJ misconstrued Plaintiff's physical therapy records in finding that she generally improved with physical therapy.

Moreover, the various medical findings summarized by Plaintiff (Dkt. 24 at 6-9) do not undermine the ALJ's interpretation of Plaintiff's physical therapy experience or demonstrate that Plaintiff was as limited as Ms. Bath indicated. As discussed *supra*, Plaintiff

has not shown that the ALJ erred in focusing on the many normal objective findings in the record and Plaintiff's emphasis alternate portions of the record does not demonstrate any impropriety in the ALJ's reasoning. The Court therefore finds no error in the ALJ's assessment of Ms. Bath's opinion.

For these reasons, the Court rejects Plaintiff's request for relief under sentence four of 42 U.S.C. § 405(g), and now turns to consider whether relief is warranted under sentence six.

<u>Sentence six</u>

Under the relevant portion of sentence six of 42 U.S.C. § 405(g), a court may at any time remand a case for "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In a sentence-six remand, the court makes no substantive ruling as to the correctness of the Commissioner's decision, but instead retains jurisdiction of the case until a new decision is made that is either fully favorable to the claimant or that permits review under sentence four of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). The claimant must show both that the new evidence is material to determining his or her disability and the existence of good cause for having failed to produce that evidence earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

In this case, Plaintiff's subsequent application for DIB was approved in October 2020 and Plaintiff was found eligible for benefits as of January 11, 2019, the day after the ALJ's unfavorable decision appealed here. *See* Dkt. 30, Ex. A; Dkt. 35 at 29. Plaintiff argues that because she was found disabled as of one day after the ALJ's decision, and because some of

the records submitted along with the subsequent application were part of the record before the ALJ in the decision currently appealed, this case should be remanded under sentence six to permit the ALJ to consider and reconcile the decision denying benefits with the subsequent favorable decision. Dkt. 31.

The Ninth Circuit has published two decisions addressing whether a subsequent favorable decision dated one day after a prior unfavorable ALJ decision warrants remand to permit the ALJ to reconcile the disparate outcomes. In *Bruton v. Massanari*, the Ninth Circuit found that because the plaintiff's "second application involved different medical evidence, a different time period, and a different age classification[,]" the subsequent favorable decision "is not inconsistent with the first ALJ's denial of [plaintiff's] initial application." 268 F.3d 824, 827 (9th Cir. 2001). Thus, the *Bruton* court held that a sentence-six remand was not necessary.

In *Luna v. Astrue*, the Ninth Circuit distinguished *Bruton* on factual grounds: the plaintiff had provided notice of a subsequent favorable decision, but did not submit any information about what evidence or reasoning supported that decision. *See* 623 F.3d 1032, 1034-35 (9th Cir. 2010). Because of the close proximity of the two disparate decisions, the *Luna* court found that there was a "'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the application[,]" and thus a sentence-six remand would be appropriate to determine whether the subsequent favorable decision impacted the first decision. *Id*.

The facts of this case are distinguishable from *Luna* because Plaintiff has submitted to this Court all of the medical evidence considered by the Commissioner in finding Plaintiff

disabled. *See* Dkt. 35. Thus, this Court is not faced with the *Luna* ambiguity suggesting that further fact-finding would be needed. This case is more analogous to *Bruton*, although the medical evidence considered by the Commissioner in finding Plaintiff disabled is not entirely distinct from the evidence referenced in the prior ALJ decision, and there is no suggestion that a change in age category contributed to the finding of disability.

Plaintiff argues that the fact that the Commissioner considered some of the same evidence as the ALJ in finding Plaintiff disabled weighs in favor of a sentence-six remand (Dkt. 37 at 3), but the Court disagrees. First and foremost, the possibility of drawing opposite conclusions from the same evidence does not suggest that the prior ALJ decision was incorrect or must be reconciled. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Moreover, new evidence supporting the subsequent favorable decision indicates that Plaintiff reported that her mental symptoms had worsened since the January 2019 ALJ decision. *See, e.g.*, Dkt. 35 at 33 (July 2020 psychological examination: "Claimant indicates that her symptoms have gotten worse in the last year."). In the 2019 ALJ decision, the ALJ found that Plaintiff's mental conditions were not severe, and Plaintiff does not assign error to that finding. (AR 46-47.) The subsequent favorable decision found that Plaintiff had severe mental conditions and that her RFC was more limited than the ALJ had found. *See* Dkt. 35 at 13, 15-19.

Thus, the disparate outcomes are easily reconcilable on the record before this Court given the different evidentiary bases, and the Court finds that the subsequent favorable decision is not material to the ALJ's 2019 decision. *See, e.g.*, *Francis v. Saul*, 2020 WL

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -10

5073935, at *4-5 (E.D. Cal. Aug. 27, 2020) (finding that because a subsequent favorable decision was based on the emergence of new severe impairments that led to a more restrictive RFC assessment, "the record thus offers a clear explanation for why plaintiff was found not disabled" in the first decision but found disabled in a later determination).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED. Plaintiff's alternative motion to remand is DENIED (Dkt. 31), and Plaintiff's motion to amend the noting date of the motion to remand is DENIED as MOOT (Dkt. 33).

DATED this 9th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge